IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD WATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-22-718-D |
| ) | |
| PROPERTY MANAGEMENT SERVICES, ) | |
| INCORPORATED, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# ORDER

Before the Court is Defendant Property Management Services, Inc.'s Motion to Compel [Doc. No. 30]. The Motion starts with a section titled, "Certification," which includes a request to be excused from the meet-and-confer requirement of LCvR37.1. Defendant alleges that it has exhausted reasonable efforts to schedule a personal or telephone conference between its counsel and Plaintiff, who appears *pro se*. *See* Mot. Compel at 1-2. The Court declines to grant this request.

Attached to the Motion are copies of email communications exchanged between Plaintiff and Defendants' attorney, Jerry Pignato, to support Defendant's position that "Plaintiff has refused to either meet personally or discuss these [discovery] matters over the phone." *Id.*, Ex. 1 [Doc. No. 30-1]. The Court does not find in these communications a refusal by Plaintiff to confer, although clearly his work as a long-haul truck driver and his limited availability during business hours present unique challenges. Further, the communications show that both Plaintiff and Defendant have complaints about alleged

deficiencies in their opponent's discovery responses.[1] The Court finds that the most efficient means to resolve the parties' discovery disputes is for Plaintiff and Defendants counsel to comply with LCvR37.1.

The parties should be aware that if their disputes cannot be resolved informally by agreement, it is this Court's customary practice to require a face-to-face meeting between lead counsel for the parties in chambers before conducting a hearing on a discovery motion. If Plaintiff and Mr. Pignato cannot find a mutually agreeable time for a conference, the Court will set an in-chambers meeting upon filing an appropriate motion.

The Court acknowledges that a case involving a *pro se* litigant presents unique challenges and opposing counsel may need to accommodate some differences. For example, Plaintiff is not registered with the Court's electronic-filing system and does not receive service of filings electronically.[2] Case filings must be mailed to Plaintiff's address of record or delivered in a means to which he has agreed, such as email. *See* Fed. R. Civ. P. 5(a)(2). All parties should make their best efforts to conduct the litigation in a mutual spirit of cooperation and good faith. The Court reminds Plaintiff and Defendants of their obligations to voluntarily disclose relevant information and evidence as required by Fed. R. Civ. P. 26(a) and to cooperate with one another in conducting discovery.

---

[1] Plaintiff previously moved to compel Defendants Matthew Wensauer and Kristen Jones to provide sufficient interrogatory answers and to produce records. The Court denied Plaintiff's motion due to noncompliance with LCvR37.1, without prejudice to resubmission after satisfying the conference requirement. *See* 4/24/23 Order [Doc. No. 29].

[2] The certificate of service on Defendant's Motion incorrectly states that the filing was transmitted to Plaintiff using the ECF system. *See* Mot. Compel at 12.

Finally, in reviewing the case record, the Court notes that all parties have failed to comply with deadlines for filing lists of witnesses and exhibits set by the Scheduling Order [Doc. No. 18]. The parties' conference should include a discussion of filing a joint motion to extend expired deadlines and amend the case schedule. Plaintiff should be aware that a failure to prosecute his case in a timely manner could result in dismissal of the action under Fed. R. Civ. P. 41(b) or the Court's inherent power to manage its docket. *See United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel [Doc. No. 30] is **DENIED** without prejudice to a future submission upon compliance with LCvR37.1.

**IT IS SO ORDERED** this 16th day of May, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge