IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DONALD WATKINS,                              )
                                             )
        Plaintiff,                     )
                                             )
vs.                                          )        Case No. CIV-22-718-D
                                             )
PROPERTY MANAGEMENT SERVICES,                )
INCORPORATED, *et al.*,                      )
                                             )
        Defendants.                    )

**O R D E R**

This case is before the Court on Plaintiff's Motion for Sanctions [Doc. No. 36], filed *pro se* pursuant to Fed. R. Civ. P. 11 and the Court's inherent authority. The Motion is supported by a Memorandum [Doc. No. 37] that provides factual support and a Supplemental Motion [Doc. No. 39] that asks to add Fed. R. Civ. P. 26(g) as legal authority for the requested relief. Plaintiff asserts that Defendants Matthew Wensaur and Kristen Jones submitted false declarations in opposition to a prior motion to compel discovery from them, that all Defendants have acted together to obstruct discovery, and that Defendants' counsel filed "a known false pleading" advocating their position. *See* Pl.'s Mot., ¶ 4. Plaintiff asks the Court either to strike Defendants' Answer and enter a default judgment against them, or to impose a monetary sanction of $10,000. *Id*. ¶ 5.

Defendants Wensauer and Jones and their counsel (through a different filing attorney) have filed a joint Response [Doc. No. 41] asserting that they did nothing wrong and that Plaintiff has received complete and accurate responses to his discovery requests.

They contend Plaintiff is wrongly seeking Rule 11 or other sanctions and refusing to accept the fact that Defendant Property Management Services, Inc. ("PMSI") controls the requested documents and information.   They report that Plaintiff recently issued his first discovery requests to PMSI, "which should alleviate his concerns."   *See* Resp. Br. at 2. Defendants and their counsel contend Plaintiff has shown no basis for sanctions, even if his Supplemental Motion and Rule 26(g) are considered.

In Reply [Doc. No. 43], Plaintiff maintains that he has presented evidence showing the individual defendants' statements of limited authority to act for the corporation are untrue and that defense counsel "sign[ed] off on known dishonest pleadings intended to mislead the Court about Defendants 'limited' duties in order to obstruct past, present and future discovery request[s]."   *See* Reply Br. at 2 (ECF page numbering).   Plaintiff relies on documents and state-court pleadings that show Defendants Wensauer and Jones have acted on PMSI's behalf in rental agreements and civil litigation, as evidence refuting their claims of lacking corporate authority.

Upon consideration, the Court understands that Plaintiff alleges two discrete types of sanctionable conduct.   First, Plaintiff claims Defendants Wensauer and Jones provided false information in response to his discovery requests and motion, misrepresenting whether they had access to corporate information or the authority to disclose it.   Second, Plaintiff claims defense counsel knew or reasonably should have known that his clients were providing false information regarding their duties and authority.   For ease of discussion, the Court addresses these claims in reverse order.

## A.      Defendants' Counsel

Liberally construing Plaintiff's *pro se* papers, he appears to be seeking sanctions against Defendants' attorney for failing to conduct an adequate investigation and supplying inaccurate information in answer to discovery requests and in opposition to a motion to compel discovery.    To the extent Plaintiff invokes Rule 11, he has failed to comply with the procedural requirements of Rule 11(c)(2).    Further, Rule 11 "does not apply to . . . discovery requests, responses, objections, and motions under Rules 26 through 37."    *See* Fed. R. Civ. P. 11(d).

Rule 26(g) is a counterpart to Rule 11 applicable to discovery papers, premised on a belief "that discovery abuse can be reduced if sanctions are imposed on attorneys."    *See* 8 Charles Alan Wright, *et al.*, Federal Practice and Procedure § 2052 at 628 (2d ed. 1994). Specifically, an attorney's signature on a discovery response constitutes a certification "that to the best of [his] knowledge, information, and belief, formed after reasonable inquiry," the response is consistent with the rules and warranted by existing law, is "not interposed for any improper purpose," and is "neither unreasonable nor unduly burdensome."    *See* Fed. R. Civ. P. 26(g)(1)(B).    Rule 26(g)(3) mandates "an appropriate sanction on the signer" where "a certification violates this rule without substantial justification."

Plaintiff does not identify any specific conduct by defense counsel that allegedly violated Rule 26(g)(1)(B).    At most, Plaintiff contends Defendants' counsel must have failed to conduct a reasonable inquiry into the factual basis of the individual defendants' discovery responses and claims of limited authority, or he would have known they were

false.   The Court finds this argument is unsupported by specific facts or evidence of misconduct by counsel that would warrant any sanction under Rule 26(g)(3).   The Court further finds that the sanctions sought by Plaintiff would not be appropriate.

Finally, the Court is not persuaded that Plaintiff has shown a basis to invoke its inherent judicial power to prevent abusive discovery practices.   It is well-settled that a district court has inherent authority to sanction bad-faith litigation conduct, regardless whether the conduct is covered by another sanctioning provision of the federal rules or statutes.   *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).   However, the Court does not find in Plaintiff's allegations any conduct by counsel that would warrant an exercise of inherent power under the circumstances.

For these reasons, the Court finds that no sanction should be imposed against Defendants' counsel under Rule 11, Rule 26(g), or inherent authority.

### B.   Defendants Wensauer and Jones

Plaintiff seeks sanctions against Defendants Wensauer and Jones for allegedly misrepresenting their authority over PMSI's documents and information.   Plaintiff contends that some statements in their verified answers to interrogatories and their declarations regarding his discovery motion were untrue.   Defendants Wensauer and Jones disagree, of course, and argue that the alleged inconsistencies identified by Plaintiff do not undermine their position that they cannot provide the discovery materials Plaintiff is seeking, or should be seeking, from PMSI.   Plaintiff cites no legal authority for imposing sanctions against an opposing party based solely on a dispute regarding the accuracy of the party's discovery answers or evidentiary submissions.   Rule 11(b) and

Rule 26(g) do not apply to represented parties.    The Court's inherent power also does not encompass factual or credibility disputes between the parties.

For these reasons, the Court finds that an order imposing sanctions on Defendants Wensauer and Jones is not warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Sanctions [Doc. No. 36] is **DENIED**.

**IT IS SO ORDERED** this 12th day of July, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge