**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DONALD WATKINS,<br><br>Plaintiff,<br><br>vs.<br><br>PROPERTY MANAGEMENT SERVICES INCORPORATED; *et al.*,<br><br>Defendants. | Case No. CIV-22-718-D |

**ORDER**

On October 19, 2023, the Court denied Plaintiff permission to file a summary judgment motion after the expired deadline of July 3, 2023. *See* 10/19/23 Order [Doc. No. 75]. In violation of this Order, on December 11, 2023, Plaintiff filed his Motion for Summary Judgment [Doc. No. 85], which remains pending.

Currently before the Court is Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment [Doc. No. 86] on the grounds that it is untimely and unauthorized.[1] Plaintiff's only response to this Motion was to file a document titled, "Plaintiff's Rule 60(b) Response Motion" [Doc. No. 87]. Although the purpose of this filing is unclear, it could be construed as seeking relief from the dispositive motion deadline. Accordingly, within

---

[1] Defendants refer to Plaintiff's motion as a second Rule 56 motion due to confusion created by Plaintiff's prior filings. Defendants also misread the October 19 Order. The Court did not find that any filing by Plaintiff constituted a motion for summary judgment; the Court expressed uncertainty about whether Plaintiff was asking the Court to consider multiple filings he had already made or permit an additional filing. Defendants are correct, however, that the October 19 Order unequivocally prohibited Plaintiff from making any other summary judgment filing except a conventional filing of audio and video recordings, which was timely made [Doc. Nos. 78 and 79].

the time to file a reply brief for its Motion, Defendant responded in opposition to Plaintiff's filing. *See* Defs.' Resp. Br. [Doc. No. 91]. Proceeding in kind, Plaintiff filed a timely Reply [Doc. No. 92]. Because Plaintiff's *pro se* status requires that his filings be liberally construed, the Court agrees with Defendants that the "Response Motion" should be treated as a motion to extend the expired deadline.

Upon consideration of these filings and the case record, the Court finds that Plaintiff has not shown good cause to file an untimely dispositive motion and, therefore, his Motion for Summary Judgment should be stricken from the case record. Although Plaintiff appears *pro se*, the Court has repeatedly informed Plaintiff that he must follow the Federal Rules of Civil Procedure and the Local Civil Rules. His request to excuse an untimely filing invokes the inapplicable standard of Rule 60(b)(1), which allows relief from a judgment on grounds of mistake, inadvertence, surprise, or excusable neglect. The standard governing Plaintiff's request is provided by Rule 16(b)(4), which requires a showing of "good cause."[2]

To establish "good cause" within the meaning of these rules, Plaintiff must "show the scheduling deadlines cannot be met despite [his] diligent efforts." *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal quotation omitted); *accord Husky Ventures, Inc. v. B55 Invs. Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018). "'[G]ood cause' also obligates the moving party to provide an adequate explanation

[2] This standard is also required by Rule 6(b)(1). In addition, Rule 6(b)(1)(B) requires a showing of "excusable neglect" when a request is made after a deadline has expired.

for any delay." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting *Husky Ventures*, 911 F.3d at 1020).

Upon consideration of Plaintiff's filings, the Court finds that Plaintiff has not provided an adequate explanation for his six-month delay in moving to extend the dispositive motion deadline, nor shown diligent efforts to comply with that deadline. The original Scheduling Order entered November 15, 2022, was amended at Plaintiff's request on June 9, 2023 [Doc. No. 35] to provide adequate time for the parties to satisfy expired deadlines, complete discovery, and engage in motion practice. As previously stated, it established a dispositive motion deadline of July 3, 2023. Plaintiff identifies several personal difficulties that occurred after June 9, 2023, including work-related stress that caused personal impairment, a termination of employment sometime after June 20, 2023, and a new job that required "driving long periods of time" and limited his access to litigation resources. *See* Pl.'s Mot. at 2-3 & Ex. 1. Plaintiff also states that he experienced a wage-related dispute with his new employer in August 2023 and that Defendants exacerbated the problem of limited time and resources because he was forced to respond to their many motions.[3]

Plaintiff's Motion and supporting reply brief are silent concerning any effort to comply with or seek relief from the dispositive motion deadline. In the interim, Plaintiff has made a host of filings, many of which demonstrate his knowledge of the requirements

[3] The record does not show any new motion by Defendants between the amended case schedule on June 9 and the dispositive motion deadline of July 3. Thus, these circumstances may have contributed to Plaintiff's delay in making his current request but not his failure to file a timely dispositive motion or timely request for an extension of the deadline.

of Rule 56, but none suggested an intention to file a motion of his own. Defendants are correct that Plaintiff's circumstances did not prevent him from making numerous filings related to Defendants' Motion for Summary Judgment [Doc. Nos. 42, 46, 49, 55 and 56]. Plaintiff's first mention of a scheduling problem appears in a motion filed August 14, 2023 [Doc. No. 52], concerning a "discovery order" (presumably the Order of July 12, 2013). The motion was denied without prejudice to filing one that complied with LCvR7.1(h), but none was forthcoming. Plaintiff also made requests regarding the deadline to submit the Final Pretrial Report [Doc. Nos. 66, 69], again remaining silent about summary judgment. The only mention of a summary judgment motion appears in his filing of September 18, 2023 [Doc. No. 65], which was denied by the October 19 Order. All these events occurred long after the dispositive motion deadline had already expired. Plaintiff does not explain why he chose to file an unauthorized summary judgment motion on December 11, 2023.[4]

In short, the Court finds that Plaintiff has not demonstrated diligent efforts to comply with the deadline he now seeks to extend and that he has not provided an adequate explanation for his delay.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment [Doc. No. 86] is **GRANTED** and Plaintiff's Response

---

[4] In a footnote, Plaintiff states that he believed Rule 56 permitted a summary judgment motion within "30 days after the final discovery was submitted to Defendants, receiving Plaintiff's electronic evidence." *See* Pl.'s Reply at 3 n.1 (ECF page numbering). Plaintiff cites no authority for this unreasonable belief, and assuming he is referring to audio and video recordings submitted in opposition to Defendant's summary judgment motion, the conventional filing of these materials occurred more than 30 days before his motion. Except a new affidavit [Doc. No. 85-11], other materials supporting Plaintiff's motion are part of the record, primarily submitted with his various responses to Defendant's motion [Doc. Nos. 46, 49, 55 and 56].

Motion [Doc. No. 87], which is treated as a motion to extend the deadline to file a summary judgment motion, is **DENIED**. Plaintiff's Motion for Summary Judgment [Doc. No. 85] is **STRICKEN** and will not be considered.

**IT IS SO ORDERED** this 30th day of January, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge